UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIM. NO. 97-20(PG)** |
| **JOSE A. RIVERA-RIVERA** <br> **RAMON SANCHEZ-ROSADO** <br> Defendants. | |

**UNITED STATES' MOTION IN SUPPORT OF REVOCATION OF SUPERVISED RELEASE TERM AS TO BOTH DEFENDANTS**

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, through the undersigned attorneys, and before this Honorable Court very respectfully states and prays as follows:

1. On March 15, 2005 this Honorable Court held a Hearing in Revocation of Supervised Release Term with regard to the above named defendants.

2. After considering the evidence before it and hearing arguments of counsel, the only issue pending before the Court is, whether the defendants' supervised release term can be revoked by the Court based on conduct that violates the conditions of release, or if the defendant has to be convicted for the acts constitutive of the supervised release violation.

The United States argued in favor of the revocation based on the defendants' conduct. The defendants argued in favor of the need for a conviction. The Court then instructed defendants' attorneys to file memoranda of law in support of their position within ten (10) days.

3. The United States respectfully submits the case of United States v. Brennick 337 F.3d 107, 110 (1st Cir. 2003) for the proposition that this Honorable Court may revoke

U.S. v. José A. Rivera-Rivera, et. al.
Crim. No. 97-20(PG)
Page 2

defendants' supervised release term based on conduct without the need of a conviction. The Court of Appeals for the First Circuit held as follows in the above cited case:

> "Both parties seem to proceed on the premise that it matters whether Brennick could be convicted under New Hampshire's own treatment of the evidence in this case. Yet the guidelines do not require the district judge to determine whether the defendant could be convicted under the particular evidentiary standards that prevail in state courts; rather, they **direct the federal judge to determine if the defendant has engaged in conduct** that *constitutes an offense* under state law. U.S.S.G. § 7B1.1. This determination is made using the flexible process of proof prescribed for federal revocation hearings. See Fed.R.Crim.P. 32.1(a)(2) (advisory committee notes); Fed.R.Evid. 1101(d)(3). Arguably, a state's evidentiary standards are irrelevant in making this federal determination." (Emphasis ours).

WHEREFORE, and in light of the above, the United States respectfully requests defendants' Supervised Release Term be REVOKED by this Honorable Court.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 21st day of March 2005.

    H. S. GARCIA
    United States Attorney

    s\Warren Vázquez
    Warren Vázquez - 125413
    Assistant U.S. Attorney
    Torre Chardón, Room 1201
    350 Carlos Chardón Avenue
    San Juan, PR 00918
    Tel. (787) 766-5656
    e-mail: warren.vazquez@usdoj.gov

<u>U.S. v. José A. Rivera-Rivera, et. al.</u>
Crim. No. 97-20(PG)
Page 3

# **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on March 21, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Carlos A. Vázquez, Esq. (AFPD) and Francisco M. Dolz, Esq.

     At San Juan, Puerto Rico, this 21st day of March 2005.

                                        <u>s\Warren Vázquez         </u>
                                        Warren Vázquez - 125413
                                        Assistant U.S. Attorney
                                        Torre Chardón, Room 1201
                                        350 Carlos Chardón Avenue
                                        San Juan, PR 00918
                                        Tel. (787) 766-5656
                                        e-mail: <u>warren.vazquez@usdoj.gov</u>